LAW OFFICES
# STILLMAN, FRIEDMAN & SHECHTMAN, P.C.

425 PARK AVENUE
NEW YORK, NY 10022
www.stillmanfriedman.com

CHARLES A. STILLMAN
JULIAN W. FRIEDMAN
PAUL SHECHTMAN
SCOTT M. HIMES
MARJORIE J. PEERCE
JOHN B. HARRIS
JAMES A. MITCHELL
MICHAEL J. GRUDBERG
NATHANIEL Z. MARMUR

CAROLYN BARTH RENZIN
EDWARD J. JOYCE
MARY MARGULIS-OHNUMA
KATHRYN MOORE MARTIN
KATIE M. LACHTER
NATHANIEL I. KOLODNY
ELIZABETH S. WEINSTEIN
DANIEL V. SHAPIRO
ERIK M. ZISSU

TELEPHONE
(212) 223-0200

FACSIMILE
(212) 223-1942



**BY HAND**

March 26, 2008

3/31/08

Hon. William H. Pauley III
District Court Judge
United States District Court
United States Courthouse
500 Pearl Street, Room 2210
New York, NY 10007

Re:  *SEC v. Northshore Asset Management, et al.*, 05 Civ. 2192 (WHP)
     *And Related Cases*

Dear Judge Pauley:

We write to request an informal conference with the Court pursuant to Local Civil Rule 37.2 and to Sections 1(A) and 3(A)(iii) of Your Honor's Individual Practices ("Individual Practices") in an attempt to resolve a discovery dispute between Mr. Saldutti and the Plaintiff Securities and Exchange Commission ("SEC") in the above captioned matter.

The dispute comes as a result of the SEC informing us on March 24 of its intention to take eight new depositions (and perhaps more) in Chicago, Minneapolis, Ohio and Quebec, Canada before our May 12, 2008 trial date. On March 25, the SEC formally noticed two of these depositions for April 10 and April 23, both in Chicago. Mr. Saldutti firmly opposes the taking of any further depositions at this late date pursuant to Fed. Rules Civ. Pro. 26(b)(2)(ii) and 30(a)(2) due to the substantial burden on him, particularly when the SEC has made a conscious and tactical decision not to take these same depositions during the 2.5 years since the First Amended Complaint was filed.

Law Offices
**Stillman, Friedman & Shechtman, p.c.**

Counsel for the parties (Mr. Friedman and Mr. Kaufman) met and conferred in accordance with Fed. R. Civ. Pro. 37 and Individual Practices Section 3.A.(iii) by email exchange and telephone conference on March 24 and 25 (Mr. Friedman is out of town at a deposition in another matter all week, thus the meeting could not be held in person). Additionally Carolyn Renzin (also counsel for Mr. Saldutti) spoke at length with Mr. Kaufman on March 26 on the same issue. During these discussions, Mr. Friedman and Ms. Renzin firmly objected to the taking of any additional depositions at this late date, and Mr. Kaufman explained the SEC's view that it sought permission for the depositions at the March 20, 2008 appearance before the Court and that the Court instructed the SEC to take the depositions at issue. The parties were not able to resolve the issue.

At the March 20 conference, when discussing depositions that the SEC had not yet taken because it had been "trying not to spend too much more of Mr. Saldutti's money" [TR at 69 lines 20-21], the Court made the statement "You'd better go start taking their depositions." [TR at 70 lines 6-7]. It is our understanding that Mr. Kaufman perceives this exchange as a request by the SEC to take additional depositions and an order of the Court directing any depositions the SEC now seeks. We understood the comment rather to have been a warning to the SEC to get ready for an earlier trial date than the SEC had been requesting. In any event, as Mr. Saldutti had not yet had an opportunity to object to any SEC proposed depositions, we did not understand the Court's statement on March 20 to be an order that no protective order will lie regarding any deposition sought by the SEC no matter how burdensome the expense or how immaterial the testimony.

We write this letter now to request an informal conference on this issue to comply with Local Civil Rule 37.2 and Individual Practices Section 3.A.(iii). Additionally, we are preparing with SEC a joint submission further describing the issues in this dispute setting forth our respective positions and citing to applicable authority. (Individual Practices Section 3.A.(iii)).

Respectfully,

*/s/ Carolyn F. Renzin/*

Julian W. Friedman
Carolyn Barth Renzin

cc: All Counsel of Record (via fax)

*Application Granted. The Court will hold a conference on April 3, 2008 at 11:00 a.m.*

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.

2