# EXHIBIT 1

## ESCROW AGREEMENT

This Agreement provides for the distribution of funds deposited by:

Depositor:   Francis J. Saldutti
Address:     288 Stone Hill Road
             Pound Ridge, NY 10576

in an interest-bearing escrow account to be established by:

Escrow Agent: Stillman & Friedman, P.C.
Address:      425 Park Avenue
              New York, NY 10022

WHEREAS Depositor wishes to establish an escrow account with Escrow Agent to provide for payment of amounts which Depositor may agree to be paid, or may be ordered to pay at the direction of the Court in the case entitled <u>Securities and Exchange Commission v. Northshore Asset Management, LLC, et al.</u>, 05 CV 2192 (the "Action"), pending in the United States District Court for the Southern District of New York (the "Court").

NOW, THEREFORE, Depositor and Escrow Agent hereby agree as follows:

1.   Depositor hereby designates Escrow Agent as depository and Escrow Agent.

2.   Depositor shall deposit with Escrow Agent the sum of $4,112,458.65 minus any expenditures (consistent with Exhibit A annexed hereto) made subsequent to July 21, 2005.

3.   Escrow Agent will open an interest-bearing escrow account or such other accounts (the "Escrow Account") with the funds deposited by Depositor with Escrow Agent pursuant to ¶ 2 above at a financial institution reasonably acceptable to the Securities and Exchange Commission ("SEC") and Arthur Steinberg, as receiver (the "Receiver") for Northshore Asset Management, LLC, et. al. ("Northshore").

29030399.DOC

Receiver Exh. 1

4.  Until the Termination Date (as hereinafter defined), the funds in the Escrow Account shall be distributed according to the following instructions:

(a)  Escrow Agent shall distribute funds to the Depositor so as to permit Depositor to pay the recurring expenses as set forth in Exhibit A annexed hereto. Depositor agrees to disburse all funds received pursuant to this subparagraph 4(a) only in accordance with Exhibit A.

(b)  In the event that Depositor has a need for funds for a purpose not set forth in Exhibit A annexed hereto, Escrow Agent and/or Depositor shall notify Jack Kaufman and Timothy Wei of the SEC and the Receiver of such proposed use in writing, and the SEC and the Receiver shall have 10 days to disapprove such use in writing. In the event that neither the SEC nor the Receiver gives written notice of such disapproval within such 10-day period, the funds may be distributed in accordance with the notice given pursuant to this paragraph.

(c)  In the event either the Receiver or the SEC disapproves a proposed use of funds pursuant to subparagraph (b) above, no such use shall be made without approval of the Court. Escrow Agent or Depositor may make written application for such approval on at least ten days' prior notice to the SEC and the Receiver. The SEC and the Receiver agree that they will not oppose any such application on the ground that the Escrow Agent or Depositor lack standing or that Escrow Agent and Depositor are not parties to the Action.

(d)  Notwithstanding subparagraphs 4(a) through 4(c) above, Escrow Agent shall distribute the funds in the Escrow Account according to the terms of any Court order entered in the Action. The SEC or the Receiver will serve a copy of any such Order upon Escrow Agent.

(e) Escrow Agent shall release all funds in the Escrow Account to Depositor upon receipt of a written notice signed by the Director of the SEC's Division of Enforcement, or his designee, and the Receiver and served upon the Escrow Agent by the SEC or the Receiver.

5. Depositor represents that he owns the residence located at 288 Stone Hill Road, Pound Ridge, New York 10576 (the "Residence") jointly with his wife. As long as this Agreement is in effect, Depositor agrees that he will not convey, sell, lease, license, assign, transfer or otherwise dispose of, directly or indirectly, the Residence unless he obtains the prior written consent of the Receiver and the SEC or obtains an order from the Court. As long as this Agreement is in effect, Depositor further agrees that he will not encumber the residence with any additional mortgage or other lien nor permit any lien to attach to the residence unless he obtains the prior written consent of the Receiver and the SEC or obtains an order from the Court.

6. Depositor may terminate this Escrow Agreement by giving written notice of at least 120 days to the Receiver and the SEC. The date specified in the notice for such termination shall be deemed the "Termination Date." In the event of such termination, unless otherwise ordered by the Court, then on the Termination Date:

(a) The Escrow Agent shall return to Depositor the sum remaining of the amount deposited with the Escrow Agent pursuant to ¶ 2 above; and

(b) The obligations of Depositor pursuant to this Agreement shall be terminated.

7. No subsequent alteration, amendment, change, deletion, or addition to this Agreement (an "Amendment") will be effective unless such Amendment is in writing and signed by Escrow Agent and Depositor and acknowledged in writing by the SEC and the Receiver.

8.  Any action or proceeding seeking to enforce any provision of, or based on any right arising out of, this Agreement, including any action brought by the Receiver or the SEC to attach the assets of the Depositor whether then on deposit in the escrow or not, may only be brought against any of the parties in the Court, and each of the parties consents to the jurisdiction of the Court (and of the appropriate appellate courts) in any such action or proceeding and waives any objection to venue laid therein. Process in any action or proceeding referred to in the preceding sentence may be served on any party anywhere in the world.

9.  This Agreement shall be interpreted, construed, enforced and administered in accordance with the internal substantive laws (and not the choice of law rules) of the State of New York. Each of the parties hereto hereby waives the right to trial by jury and to assert counterclaims in any such proceedings.

10. This Agreement may be executed by each of the parties hereto in any number of counterparts, each of which counterpart, when so executed and delivered, shall be deemed to be an original and all such counterparts shall together constitute one and the same agreement. Facsimile signatures on counterparts of this Agreement shall be deemed original signatures with all rights accruing thereto. The parties hereto agree to forward original signatures to Escrow Agent within 15 calendar days of the execution hereof.

11.   Neither Depositor nor Escrow Agent may assign any of its rights or obligations under this Agreement without the written consent of the other parties. Copies of any such assignment, as permitted by this Agreement, shall be forwarded to Escrow Agent.

Dated: August 31, 2005

_____
Francis J. Salcutti

ARTHUR STEINBERG, as Receiver for
Northshore Asset Management, LLC, et. al.

By: _____

Escrow Agent acknowledges receipt of these escrow instructions, and agrees to hold and dispose of the sums deposited into the Escrow Account in accordance with the terms and conditions of the Escrow Agreement.

Dated: August 31, 2005

STILLMAN & FRIEDMAN, P.C.

By: _____
Julian W. Friedman
Escrow Agent

# EXHIBIT A

## MONTHLY EXPENSES

| | |
|---|---|
| Real Estate Taxes | 5,300. |
| Allstate Insurance | 1,100. |
| Disability Insurance | 600. |
| Tuition for Children | 4,500. |
| Room and Board for Children | 2,000. |
| Automobile and Commutation Expenses | 500. |
| Property Maintenance and Repairs, General Household Expenses and Reserves | 6,000. |
| Ocean City House Mortgage (including real estate taxes) and upkeep | 4,900. |
| Homeowners Insurance (including flood, liability) | 125. |
| Recurring monthly family expenses | 11,000. |
| Health Insurance (family) | 3,000.[1] |
| Legal Fees | 7,500.-9,000.[2] |
| Miscellaneous expenses | 1,000. |

## NON-MONTHLY ITEMS

| | |
|---|---|
| Amount necessary to pay federal and state Taxes for 2004 and subsequent years | (to be determined) |

---

[1] Because Northshore cancelled the medical insurance coverage for Mr. Saldutti and his family, he is now in the process of securing replacement insurance.

[2] This is an estimate. The actual expense will be dependent on Mr. Saldutti's involvement in any future litigation and the extent to which he may need counsel in dealing with the Receiver.

29030399.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

   -against-

NORTHSHORE ASSET MANAGEMENT, LLC,
ARDENT RESEARCH PARTNERS L.P.,
ARDENT RESEARCH PARTNERS, LTD.,
SALDUTTI CAPITAL MANAGEMENT, L.P.,
KEVIN KELLEY, ROBERT WILDEMAN, and
GLENN SHERMAN,

         Defendants.
--------------------------------------------------------------x

Civil Action No.
05-CV-2192 (RO)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/05

### ORDER APPROVING MOTION OF ARTHUR STEINBERG, RECEIVER FOR NORTHSHORE ASSET MANAGEMENT, LLC, ET AL. FOR AN ORDER AUTHORIZING ENTRY INTO ESCROW AGREEMENT REGARDING FRANCIS SALDUTTI

Upon the motion ("Motion") of Arthur Steinberg, the court-appointed receiver ("Receiver") for defendants Northshore Asset Management, LLC, Ardent Research Partners L.P., Ardent Research Partners, Ltd., and Saldutti Capital Management, L.P. (collectively, the "Corporate Defendants," and with their respective subsidiaries, affiliates, related entities and funds, the "Receivership Estate"), seeking an order authorizing the Receiver to enter into the escrow agreement annexed to the Motion as Exhibit 1 ("Escrow Agreement") with Francis Saldutti ("Saldutti") and Stillman & Friedman, P.C. ("Escrow Agent"); and the Court having jurisdiction to consider the Motion and the relief sought therein; and due notice of the Motion having been given, and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best

interest of the Receivership Estate and its creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted in all respects; and it is further

ORDERED, that the terms of the Escrow Agreement are approved, and the Receiver, is authorized to enter into the Escrow Agreement; and it is further

ORDERED, that the Receiver, Saldutti and the Escrow Agent are authorized and directed to take such other and further steps in accordance with the terms of the Escrow Agreement to effectuate the terms thereof; and it is further

ORDERED, that the Court shall retain jurisdiction with regard to all issues pertaining or arising out of the Escrow Agreement and the Escrow Account established thereunder; and it is further

ORDERED, that the requirement set forth in Rule 7.1 of the Local Civil Rules of the United States District Court for the Southern District of New York requiring the filing of a memorandum of law is hereby waived.

Dated: New York, New York
       September 29, 2005

_____
UNITED STATES DISTRICT COURT JUDGE