# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
SECURITIES AND EXCHANGE COMMISSION, :
:
                    Plaintiff, :
:          Civil Action No.
        -against- :          05-CV-2192 (WHP)
:
NORTHSHORE ASSET MANAGEMENT, LLC, et al., :
:
                    Defendants. :
----------------------------------------------------------------x
----------------------------------------------------------------x
:
ARTHUR STEINBERG, as Receiver for :
Northshore Asset Management, LLC, et al., :
:
                    Plaintiff, :
:          Civil Action No.
        -against- :          06-CV-5024 (WHP)
:
UNIVERSAL GENESIS STRATEGIC :
HOLDINGS, INC. et al., :
:
                    Defendants. :
----------------------------------------------------------------x
----------------------------------------------------------------x
:
ARTHUR STEINBERG, as Receiver for :
Northshore Asset Management, LLC, et al., :
:
                    Plaintiff, :
:          Civil Action No.
        -against- :          06-CV-5564 (WHP)
:
LEO SPHIZ, :
:
                    Defendant. :
----------------------------------------------------------------x
----------------------------------------------------------------x
:
ARTHUR STEINBERG, as Receiver for :
Northshore Asset Management, LLC, et al., :
:

31639654.DOC

|  |  |
|---|---|
| Plaintiff, | : |
| -against- | : Civil Action No.<br>: 06-CV-5565 (WHP) |
| RICHARD WHARTON, | : |
| Defendant. | : |

------------------------------------------------x
------------------------------------------------x

|  |  |
|---|---|
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al., | : |
| Plaintiff, | : |
| -against- | : Civil Action No.<br>: 06-CV-5566 (WHP) |
| JIM PORTER, | : |
| Defendant. | : |

------------------------------------------------x
------------------------------------------------x

|  |  |
|---|---|
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al., | : |
| Plaintiff, | : |
| -against- | : Civil Action No.<br>: 06-CV-5567 (WHP) |
| MELVIN NEWMAN, | : |
| Defendant. | : |

------------------------------------------------x
------------------------------------------------x

|  |  |
|---|---|
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al., | : |
| Plaintiff, | : |
| -against- | : Civil Action No.<br>: 06-CV-7770 (WHP) |
| WALTER SCHWAB, | : |
| Defendant. | : |

31639654.DOC                          2

```
------------------------------------------------x
------------------------------------------------x
```
|  |  |
|---|---|
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al., :<br>:<br>             Plaintiff, :<br>: Civil Action No.<br>     -against-               : 07-CV-1001 (WHP)<br>:<br>GLENN SHERMAN, et al., :<br>:<br>             Defendants. : | |

```
------------------------------------------------x
------------------------------------------------x
```

ARTHUR STEINBERG, as Receiver for
Northshore Asset Management, LLC, et al.,    :

                  Plaintiff,    :

    -against-    :    Civil Action No.
                                07-CV-1208 (WHP)

BLOOMBERG, L.P. et al.,    :

                 Defendants.    :

```
------------------------------------------------x
------------------------------------------------x
```

ARTHUR STEINBERG, as Receiver for
Northshore Asset Management, LLC, et al.,    :

                  Plaintiff,    :

    -against-    :    Civil Action No.
                                07-CV-1212 (WHP)

BOMBARDIER TRUST (CANADA) et al.,    :

                 Defendants.    :

```
------------------------------------------------x
------------------------------------------------x
```

ARTHUR STEINBERG, as Receiver for
Northshore Asset Management, LLC, et al.,    :

                  Plaintiff,    :

|  |  |
|---|---|
| -against-<br><br>FONDATION J. ARMAND BOMBARDIER,<br><br>                    Defendant. | Civil Action No.<br>07-CV-1217 (WHP) |
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al.,<br><br>                    Plaintiff,<br><br>-against-<br><br>JOEL ASH,<br><br>                  Defendant. | Civil Action No.<br>07-CV-4832 (WHP) |
| ARTHUR STEINBERG, as Receiver for<br>Northshore Asset Management, LLC, et al.,<br><br>                    Plaintiff,<br><br>-against-<br><br>STEPHEN A. ALDERMAN,<br><br>                  Defendant. | Civil Action No.<br>07-CV-4833 (WHP) |

**ORDER APPROVING MOTION OF ARTHUR STEINBERG, RECEIVER FOR NORTHSHORE ASSET MANAGEMENT, LLC, ET AL., FOR AN ORDER REQUIRING REIMBURSEMENT AND AN ACCOUNTING**

Upon the motion ("Motion") of Arthur Steinberg, the court-appointed receiver ("Receiver") for defendants Northshore Asset Management, LLC, Ardent Research Partners L.P., Ardent Research Partners, Ltd., and Saldutti Capital Management, L.P. (with their respective subsidiaries, affiliates, related entities and funds, the "Receivership Estate"), seeking

an Order requiring (a) payment to the Clerk of the Court for deposit into an interest-bearing account with the Court Registry Investment System (which will act as reimbursement to the escrow account ("Escrow Account")) of an amount to be determined but in no event less than $378,658.35, plus interest that would have been earned on the money had it remained in the Escrow Account; and (b) an accounting, certified under penalty of perjury by both Francis Saldutti ("Saldutti") and Julian Friedman, Esq. ("Friedman"), and the production of back-up records regarding all of the requests made for disbursements to Saldutti, the depositor, the distributions made by Stillman & Friedman, P.C. ("Stillman & Friedman"),[1] the escrow agent, and the expenditures of those funds by Saldutti, both for legal and non-legal items, so that the Receiver can determine the amount of funds in addition to the $378,658.35 which should be paid to the Clerk of the Court for deposit into an interest-bearing account with the Court Registry Investment System (which will act as reimbursement to the Escrow Account); and the Court having jurisdiction to consider the Motion and the relief sought therein; and due notice of the Motion having been given, and it appearing that no other or further notice of the Motion need be provided; and the Court having determined that the relief sought in the Motion is in the best interest of the Receivership Estate and its creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that the Motion is granted in all respects; and it is further

---

[1] The Stillman & Friedman firm is now known as Stillman, Friedman & Schectman, P.C., but, to be consistent with the Escrow Agreement, this Order will refer to the firm as "Stillman & Friedman."

ORDERED, that Saldutti and Stillman & Friedman shall, within _____ days from the date hereof pay to the Clerk of the Court for deposit into an interest-bearing account with the Court Registry Investment System (which will act as reimbursement to the Escrow Account) $378,658.35, plus interest that would have been earned on the money had it remained in the Escrow Account; and it is further

ORDERED, that Saldutti and Stillman & Friedman shall, within _____ days from the date hereof, provide an accounting, certified under penalty of perjury by both Saldutti and Friedman, and the production of back-up records regarding all of the requests made for disbursements to Saldutti, the depositor, the distributions made by Stillman & Friedman, the escrow agent, and the expenditures of those funds by Saldutti, both for legal and non-legal items, so that the Receiver can determine the amount of funds in addition to the $378,658.35 which should be paid to the Clerk of the Court for deposit into an interest-bearing account with the Court Registry Investment System (which will act as reimbursement to the Escrow Account); and it is further

ORDERED, that the Court shall retain jurisdiction with regard to all issues pertaining to or arising out of the Escrow Agreement (as defined in the Motion) and the Escrow Account established thereunder; and it is further

ORDERED, that the requirement set forth in Rule 7.1 of the Local Civil Rules of the United States District Court for the Southern District of New York requiring the filing of a memorandum of law is hereby waived.

Dated: New York, New York
      May _____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE